318-0251 Cher Smith v. Manhattan Park Commission Counsel, you may proceed. My name is Ron Flaidham. I'm the attorney for the appellate plaintiff, Cher Smith, in this matter. Judges, this matter is a slip in the law. An employer operated and maintained parking lot. The injury occurred on a snowy day, December 13, 2010, in which the plaintiff injured her right leg. The matter was initially determined to be compensable by the arbitrator. It was reversed by the commission and affirmed by the circuit court in Will County. The facts most clearly agree with this matter. The employer did own and maintain the parking lot. There were nine spots adjacent to the office building. Ms. Smith and seven other employees were parking in this lot. The public was not restricted from parking in the lot. However, it was testified that there was little reason for any other public to use the parking lot. It was a good point to make, and I'm glad you raised that because that's going to be my question. Was it accessible and used by the general public, and does it make a difference in the analysis? It was an administrative building, so there's no real public reason to use it. But they weren't restricted either. But they weren't restricted. Okay. And in my analysis, I really don't think that becomes an issue. To that, when Ms. Smith started employment there, she was told by the supervisor who pointed to the parking lot and said, this is a parking lot that we use. She wasn't required to use that. She wasn't assigned a parking spot. There was another lot that was over a block away that was next to kind of a public use park district building. So they could have parked there. I think it was testified that she had only parked there one time, and her lot was being resurfaced. Now, the commission found, interestingly, that there was a natural accumulation of snow and that there was no evidence that the employer created or contributed to the hazard. I think it's important that we note that the commission says there was a hazard. By discussing this concept of natural accumulation and whether or not the employer created or contributed to the hazard, I think the commission is sort of veering off into a negligence law concept that we should have no bearing on the workers' compensation matter. The issue raised by the commission is, was there a greater risk to the general public because of her employment? It's my position that they used the wrong legal analysis for risk analysis. They would look at, first of all, was the risk distinctly associated with employment? Second, was it personal to the employee? And the third was, was there a neutral risk in which they have to sort of analyze whether or not there was a greater risk to the public at large? And your position is it's not a neutral risk? Why, because the employer provided the parking lot? No, the case law, specifically Archer Daniels Midland, Morse, Harvey, Sutter, repeatedly have held that injuries occur on employed property even after work do arise from and in the course of employment when the results are from a hazardous condition. Even if Archer Daniels, even if both the employers and members of the general public occasionally use the parking lot, correct? Certainly, but under Archer Daniels, Morse, Harvey, Sutter, if a hazardous condition on the premises is to be evaluated as a risk incidental to employment rather than a neutral risk. So this analysis of a neutral risk is an incorrect application of the analysis. What about the Walmart case? He's probably going to argue Walmart, I have a feeling. So how does that fall in the mix here? You know, that was a little bit different. In that case, the employee was going to a lot that was employed a lot, but she was going on a lunch break. There were a lot of different distinctions between that and what we have here. She didn't park her car in that lot. She was going to be picked up by a friend. By a roommate. But this case, because the commission does say there's a hazardous condition, she was going directly from her office to her car, so it's the parking lot's exception. It should not be whether or not there's a risk greater than the public at large. That should be the issue considered. They're saying very simply, we don't get into the neutral risk. The presence of a hazardous condition on the employer's premises that causes a claimant's injury is compensable. That's exactly right. That's exactly my point. Now, the sidewalk in question here was a sidewalk that went to a public entrance? There was testimony that there were three, I believe, three entrances. So this was just an entrance that was closest to where she parked her car. So this was the entrance that she was in. There's a neutral risk every time that she came in and out. And it's from a lot that's open for both public and employees. You know, that part was never really addressed in the hearing. There was mention that there were multiple entrances to it. Now, the snowing ice in the parking lot was a hazard. Ms. Smith testified that it had been snowing all day and she had tennis shoes on and she was slipping and sort of really being careful that she walked out. Well, that's not really even disputed. Didn't you say the employer acknowledged it was a hazardous condition? The testimony was that it was slippery and hazardous condition. There was also some testimony that when the paramedics arrived to assist her, they were slipping and sliding as well trying to assist her. The employer never really sort of seizes on this natural accumulation issue that was brought up sort of by the commission. They argue, again, that the employee failed to show that the employer caused greater or contributed to the risk. Again, that's not part of the workers' compensation case. That's a common law negligence analysis. This attempt to apply this negligence really doesn't have anything in it for this conversation. So really we're just back to the point of there's a hazardous condition that was found by the commission, correct? And it's a question of whether that was the employer's premises. There was never a question about whether that was the employer's premises. Everybody acknowledged that this parking lot was owned and maintained by the employer. But not solely for the employee's use, maybe the rub that he may argue. Correct. Over to the public. I believe there's a difference between whether this was a common-use parking lot, which it wasn't. Again, there were no restrictions. The public wasn't barred or restricted, but there was no reason why the public, And I think there was testimony that maybe a few times during the course of the day would the public use that particular parking lot, but there was really no reason to do it. And again, it might be relevant. Where did you say the nearest parking lot would have been if she didn't use the one by the building? She testified that there was a general-use building that the Manhattan Park District had, and I believe it was about a block away. On a snowy December morning, it would make no sense for her to park a block away and walk from there to this parking lot that was adjacent to her office. Okay. Again, under the Workers' Compensation Act, the burden is just arising from it. In the course of it, it does not require finding negligence to be compensable. Okay. Thank you. Thank you, counsel. You have time to reply. Counsel, you may respond. Thank you. May it please the Court, Kevin K. Jesse on behalf of the employer, Manhattan Park District. This case hinges on whether the neutral risk analysis applies or not. All right. One thing I found interesting in my preparation for today was how does snow that falls on pavement, falls out of the sky, lands on pavement, makes it wet? How is that risk distinctly associated? I know we have Supreme. There is two Supreme Court cases that comment on that. There's also subsequent appellate court cases, including the Wal-Mart decision. Wal-Mart is factually distinguishable. She was not going there to her car. She had not parked her car there. She was walking across the parking lot to be picked up by her friend. It is not a situation where it was a lot provided for her to park in. I'll say this, though. It's still a slip and fall on the employer's premises due to natural accumulation at Wal-Mart. Well, there's no natural accumulation. Natural accumulation is irrelevant. The question is, that's a negligence concept. He's right. The question is, was there a hazardous condition existing on the employee's premises? And if the answer to that question is yes, and she was injured while working or in a reasonable time before or after work, it's a compensable injury, more starving. You're trying to conflate. Are you trying to say that because the general public also encounters snowy sidewalks and parking lots, that that's a risk encountered by everybody? I think you're conflating the hazard with the neutral risk analysis. Isn't the snow-covered icy parking lot a hazard? It can be. Okay. But it's also snow that falls on the sky, not on the ground. It's something we all encounter in the Midwest. I mean, it is something. I fail to see how you can just say that snow that falls on pavement in and of itself is a hazard. What did the commission find? The commission ultimately found in... Did they say, did they make a finding that was hazardous? Yes. Well, when they said... So what they said was... Good point. The commission finds the accumulation of snow in the parking lot represented natural accumulation. There's no evidence to explain it created or contributed to a hazard. The law is open to the general public, and that the fall resulted from a hazard that she and the general public were equally exposed to. So you're going to argue they really didn't find it hazardous by that language? Their language is somewhat strange, I have to admit. I know I'm being recorded right now, but I think what they're getting at is... Nobody listens. Well, I know. I'm not trying to... Don't tell them that. But what I'm saying is, if we look at this case, is it really a... That's the struggle I have. The snow that falls out, similar to a rainfall, is that an important risk? Or is that just a risk that we all encounter? I've heard you... I think you're... Again, I think you're conflating the two. The issue, you're right. I mean, if it's a neutral risk, you're on better grounds, okay? Because then the public would always be encountering the statue accumulation of snow. But if it's a hazard and it's on the employer's premises, isn't that a little bit different than the general public? Again, it can be. What I'm not trying to say is that all snow and ice cases should be denied from here on out because they're all neutral risks. I think there are certain situations in which it's an employment... If it becomes an employment-related risk, I think it doubles. Somebody going out to their park to retrieve some materials for their work or, let's say, the route they had to take forced them in a particular way and there's a bunch of ice there and they fall, fine. But to show that maybe you're conflating this, if this had been clearly an employee parking lot, she was mandated to park at that day. And then she falls on the snow and the ice. Are you going to tell us it wasn't employment-related? If she was mandated to park in that lot and she was directed to park there, I don't think I'd be here today. But you're saying that you're getting into this natural accumulation as that being some hazard that the public is exclusive to her, but now you're turning it around. So you're saying that snow can be a hazard. It can. It can in certain situations. I mean, if the employer directs somebody to their park, there are certain controls. But that's got nothing to do with the hazard of the snow, does it? Does that turn the snow into a non-hazard if she's directed to be there? That's what you seem to be saying in so many words. I can see where... See what I'm saying? It's a hazard if she's designated to park there, but it's not a hazard if she's not. That doesn't make any sense. I guess the problem I have with these cases is that if we're just going to say, from here on out, there's no hazardous end of story that puts to rest all these parking lot cases. I mean, it's... No, it does depend on where it is. Is it open to the public? Is she directed? It's a little more complicated than that. I agree. But in this case, you had to at least tacitly concede that it was basically used by the employees, correct? Why did she park a block away? Why would anybody do that? Well, she wasn't directed to park there, though. I mean, it was mainly used by employees, but I think that's a factual finding of that commission that it's open to the general public and it's used by them. And that's my whole position, is that it's a risk that the general public encounters. That's where I have the problem, is I just... It doesn't just snow on the employer's premises. I mean, it doesn't fall out of the sky and that's it. There's nothing specific about it. The employer didn't put her in any specific position. I mean, we don't control when it snows, but it doesn't. And I think back to the rainfall case. I mean, snow and rain, I mean, they're similar. They are. I mean, I don't want to get into science about it, but... I mean, they both... They did what? I can see there's some disagreement, but... Don't look at the look on her face. We agreed we didn't want to get into science. We always look the same. We don't have poker faces, you know, so... I know. I don't want to get into the science of it, but I guess that's the problem, is I just... I think... And by the way, the case law does still talk about some elements of mutual risk. Laura's Harvey, which talks about it somewhat in that she was required to park farther away because the employer had told her that patrons had parked closer to the building. Well, in that instance, she's got to walk farther to get to work. Certainly, I can see the argument that, okay, well, that's going to increase your risk. Well, isn't that the case here? Because if she used the other parking lot, there was only one other one that was reasonably accessible. It was a block away. Doesn't that increase her risk when it's snowing out? Yeah, but she didn't do that. She parked right by the building in this case. She usually parked closer to the building in this case. We can't penalize her for that, can we? No, we're not. I'm not saying we should penalize her for that. What I'm saying is that I think it's still appropriate to look towards mutual risk because it's irrelevant. It's a condition. It's an element similar to rainfall. You know, rainfall is examined under mutual risk. I think we all agree on that. I don't understand why snow, which is accumulation from precipitation from the sky, is automatically de facto hazardous. But isn't this an argument below with the concurrent arbitrator whether or not this is, in fact, a hazardous condition? I'll pass that once we all agree it's a hazardous condition. Well, yeah. I mean, I understand your point because the commission says in here. I think what the commission is saying, though, is it's a hazard everybody is exposed to. I don't think they're necessarily concluding that the promises. If the commission made a decision that said the promises are hazardous and then denied compensation, that would be a weird decision. I don't think that's what they're necessarily saying here. I think what they're saying is this is something we all have to deal with in the Midwest. It's a hazard we all have to deal with. Okay, so read that language back to me again. Sure. So I'm quoting from the decision. The commission finds that the accumulation of snow in the parking lot represented natural accumulation as there was no evidence that was found to have created or contributed to a hazard. As the lot is open to the general public, this fall resulted from a hazard to which she and the general public were equally exposed. Thus, the commission finds. But they call it a hazard nevertheless, didn't they? They use that term. I can't argue with that. Okay. Sorry. Yeah. I guess what I was just arguing is that I interpret that statement differently. I can see how it could be argued as it's a hazard. But they're saying, I think, it's a hazard that the general public is exposed to. Equally exposed to. Yes. Right. Equally exposed to. Yes. And so there has to be, to allow compensation, there has to be some qualitatively or quantitative exposure by that employee that the general public doesn't face, right? That's true. That's true if you agree with the mutual risk. I think if you agree with the mutual risk, you know, that's a, well, it's still a manifest way question. But, you know, the commission didn't find anything qualitative or quantitative about it. So just a couple more remarks. You know, I know counsel mentioned in his brief that the commission relied upon the Caterpillar case. You know, Caterpillar, in my opinion, is a Supreme Court case. It's decided after ABM. You know, what it really stands for is it's got to be a risk associated with the employee. You know, there has to be something that we can tie this to. It says it's distinct to the employee. And, you know, I hope that's what I kind of emphasized here today. With that being said, you know, I'd ask that you please affirm the decision of the commission as it is not being against the manifest weight. If there's any additional questions. I don't think there are. Thank you, counsel. Thank you. Counsel, if you may reply. Just to touch on a few things. Caterpillar, I think the finding in Caterpillar was that the six-inch step-down curve was not a hazard. And I think that would be the distinction in this case. Also, in Clayman's argument, he wonders a lot if wet, you know, what's the difference between slippery because wet and slippery because snow and ice. I think there was a case, Duckage, second district case that hit right on the head of this one. They found that the person slipped on just rain. And they found that that wasn't a hazard. But they went further and said had that rain been ice or snow, that would have been a hazard. In this case, it would have been compensable. So that's the difference. Duckage really hits it on the nose as far as the difference between rain and snow. Again, as pointed out, the commission specifically said that this was a hazard, that the snow was a hazard. The parking lot was open and maintained by the employer. It was the only common sense that she'd park in the lot. She wouldn't park a block away and risk further injuring herself. The Workers' Compensation Act, the standard of compensability just arises from enforcement. But there is no negligence on the workers' compensation. The injury resulted from a hazard. An employer maintained a parking lot. This is considered a risk distinctly associated with employment rather than as an individual risk. And again, the case law is very clear on it. Based on these arguments as well as those presented in the brief, I would ask that the court overturn the decision of the commission and assert the court will remand the commission for further proceedings. Thank you. Okay. Thank you, counsel. Thank you, counsel, both, for your arguments in this matter. We take another advisement. And a written disposition shall issue.